### Bender Estate

*Detleff, A. Hansen,* Attorney for the Executor of the Estate.

WILLIAMS, P. J., September 9, 1974.—This matter is before the court on audit of the first and final account of the executors of the estate of Angeline M. Bender, deceased. The single issue before the court is the interpretation of that portion of a codicil to decedent's will which reads as follows:

"I do hereby give and devise unto my son, Stanley G. Bender, the homestead together with the land

thereon which the same is situate *including the parcel contiguous thereto* which I had intended to give to my daughter Ruth upon the following conditions:" (Emphasis supplied.)

The question is what lands comprised decedent's homestead and what lands did she intend to devise by the words "including the parcel contiguous thereto which I had intended to give to my daughter Ruth."

## FINDINGS OF FACT

1. Decedent died the 20th day of October 1972.

2. The daughter Ruth predeceased her mother, Angeline M. Bender.

3. The homestead originally consisted of the family residence and approximately two acres of land.

4. On May 8, 1969, decedent executed and acknowledged a deed in favor of her daughter, Ruth E. Bender, for a tract of land containing 14.41 acres, situated on the north side of a public highway known as the Dutch Hill Road. This land included her homestead and a parcel of land contiguous thereto. The land described in the deed was all the land owned by decedent on the north side of said public road. This deed was not delivered or recorded prior to the death of Ruth E. Bender.

5. On June 30, 1950, decedent, together with her husband, executed and acknowledged a deed to Ruth Bender for a lot of land situated on the south side of the Dutch Hill Road. The deed was never delivered or recorded in the lifetime of Ruth E. Bender. The land thereby conveyed is not contiguous to the homestead.

6. The land described in the deed dated June 30, 1950, is separated from the lands comprising the homestead by the Dutch Hill Road.

7. In addition to the lands described in the aforesaid deed, decedent owned other land in Monroe

County, all of which are situated on the south side of the public highway.

## DISCUSSION

The issue before the court is what lands testatrix intended to devise to her son, Stanley.

The language of the will shows a clear intent on the part of testatrix to devise to her son that portion of her lands which embraced her homestead and additional land which (1) was contiguous to the homestead, and (2), she intended to give to her daughter, Ruth.

Both the deed dated June 30, 1950, and the deed dated August 8, 1969, name Ruth Bender as the grantee therein. It, therefore, appears that both parcels of land meet the requirement that the land be land which testatrix intended to give to her daughter, Ruth. However, the will does not purport to devise two parcels of land. It devises only the parcel contiguous to the homestead. From the maps in the record, it is indisputable that the land, containing 14.41 acres, described in the deed dated June 30, 1969, includes both the homestead and land contiguous to the homestead. This tract, therefore, satisfies both requirements of the will, that the land be contiguous to the homestead and that it be land which testatrix intended to give to her daughter, Ruth.

Does the lot described in the deed dated June 30, 1950, satisfy both requirements? To answer this question we must determine the meaning of the word "contiguous." In Holston Salt & Plaster Co. v. Campbell, et al., 89 Va. 396, 398, 16 S.E. 274, 275 (1892), the court stated:

"What, then, is the meaning of 'contiguous'? Its primary meaning, according to all the lexicographers

is 'in actual contact' or 'touching,' from the two Latin words con and tangere. It is not synonymous with 'adjacent,' although sometimes used in that sense, and vice versa."

Applying the primary meaning of contiguous as "in actual contact" or "touching," it is obvious that the lot separated from the homestead by a public highway is not contiguous to the homestead.

There is testimony of two of testatrix' children to the effect that their mother intended to give her son Stanley both parcels of land, that is, the 14.41-acre tract and the lot on the south side of the highway.

This is testimony that the court may only consider where the language in the will is ambiguous, or the intent of testatrix is uncertain: Banes Estate, 452 Pa. 388, 392 (1973). Here, the language of the will is neither ambiguous nor testatrix' intent uncertain. The will clearly states she gives to her son lands contiguous to the homestead and which she intended to give to her daughter, Ruth. The will clearly designates what land testatrix intended to devise to her son. Only the 14.41 acres described in the deed dated May 8, 1969, fits that designation.

We, therefore, rule that the land containing 14.41 acres is the land devised by testatrix to her son, Stanley, and that the lot described in the deed dated June 30, 1950, is part of the residuary estate of decedent.

ORDER

And now, September 9, 1974, it is ordered that counsel for the accountants shall submit to the court a final decree of distribution in the estate of Angeline M. Bender, deceased, consistent with this opinion.